UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNIKA FUDGE,

       Plaintiff,

v.                                                                      Case No. 1:15-cv-311

COMMISSIONER OF SOCIAL                          Hon. Ray Kent
SECURITY,

       Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for child's insurance benefits[1] and supplemental security income (SSI).

Plaintiff was born in 1990. PageID.297. She alleged a disability onset date of June 18, 2010.[2] Plaintiff completed the 12th grade, attended some college classes, and had no employment history. PageID.292-296, 303. Plaintiff identified her disabling condition as learning disabled. PageID.303. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits on October 5, 2013. PageID.36-46. This decision, which was

---

[1] *See* 20 C.F.R.§ 404.350(a)(5) ("You are entitled to child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if . . .(5) . . . you are 18 years old or older and have a disability that began before you became 22 years old[.]")

[2] This is one day after plaintiff's previous claim for benefits was denied on June 17, 2010. PageID.155-174.

later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  *See* 20 C.F.R. § 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th

Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations

caused by her impairments and the fact that she is precluded from performing her past relevant work

through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant

number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861

F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in

social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716,

719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff had not attained the age of 22 as of the alleged disability onset date of June 18, 2010, and that she has not engaged in substantial gainful activity since that date. PageID.39.  Second, the ALJ found that plaintiff had severe impairments of borderline intellectual functioning and a learning disorder.  *Id.*  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id.*

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels, but subject to the following non-exertional limitations: unskilled work, that can be learned on short demonstration, involving three to five steps; work which does not require reading, writing, frequent communication, team coordination or more than incidental public contact.

PageID.42.  The ALJ also found that plaintiff has no past relevant work.  PageID.45.

At the fifth step, the ALJ determined that plaintiff could perform work at all exertional levels in the national economy. PageID.45-46. Representative occupations in the regional economy (Michigan) and national economy included: kitchen helper (1,800 jobs in Michigan and 12,000 jobs in the United States); laundry worker (2,200 jobs in Michigan and 18,000 jobs in the United States); and machine tender (800 jobs in Michigan and 9,500 jobs in the United States).  *Id.* Accordingly, the ALJ determined (1) that based on her application for child's insurance benefits,

plaintiff was not disabled as defined in the Social Security Act prior to January 22, 2012, the date

she attained age 22, and (2) that based on her application for SSI, plaintiff was not disabled as

defined in the Social Security Act from June 18, 2010 (the alleged onset date) through October 5,

2013 (the date of the decision).  PageID.46.

### III.  ANALYSIS

Plaintiff did not include a Statement of Errors as directed by the Court.  *See* Notice

(docket no. 7).[3]  Upon reviewing plaintiff's brief, the Court will address the following issue on

appeal:

> **Substantial evidence does not support the denial of disability benefits as**
> **plaintiff meets listing 12.05(c).  She has a validly diagnosed full scale IQ of 61,**
> **she functions as mildly mentally retarded, and she has at least one other**
> **"severe" medical impairment.**

Plaintiff contends that the ALJ erred by not finding that she met the requirements of

Listing 12.05C.  A claimant bears the burden of demonstrating that he meets or equals a listed

impairment at the third step of the sequential evaluation.  *Evans v. Secretary of Health & Human*

*Services*, 820 F.2d 161, 164 (6th Cir.1987).   In order to be considered disabled under the Listing of

Impairments, "a claimant must establish that his condition either is permanent, is expected to result

in death, or is expected to last at least 12 months, as well as show that his condition meets or equals

one of the listed impairments."  *Id.*  An impairment satisfies the listing only when it manifests the

specific findings described in the medical criteria for that particular impairment.  20 C.F.R. §

416.925(d).  A claimant does not satisfy a particular listing unless all of the requirements of the

listing are present.  *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th

---

[3]Counsel is advised that failure to set forth a Statement of Errors as directed may result in non-conforming pleadings being stricken.

Cir.1987).  *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir

2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present

specific medical findings that satisfy the various tests listed in the description of the applicable

impairment or present medical evidence which describes how the impairment has such

equivalency").  If a claimant successfully carries this burden, the Commissioner will find the

claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R.

§ 416.920(d).

Listing 12.05 provides in pertinent part as follows[4]:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage
> general intellectual functioning with deficits in adaptive functioning initially
> manifested during the developmental period; i.e., the evidence demonstrates or
> supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B,
> C, or D are satisfied.
>
> *            *            *
>
> C.      A valid verbal, performance, or full scale IQ of 60 through 70 and a
>         physical or other mental impairment imposing an additional and
>         significant work-related limitation of function[.]

Listing 12.05C,  20 C.F.R. Pt. 404, Subpt. P, App. 1.

"[A] claimant must make three showings to satisfy Listing 12.05(C): (1) he

experiences significantly subaverage general intellectual functioning with deficits in adaptive

functioning that initially manifested during the developmental period (i.e., the diagnostic

description); (2) he has a valid verbal, performance, or full scale IQ of 60 through 70; and (3) he

---

[4] The Court notes that at the time of the ALJ's decision, Listing 12.05 referred to the subject matter
of the listing as "mental retardation" rather than "intellectual disability."

suffers from a physical or other mental impairment imposing an additional and significant work-related limitation of function."  *West v. Commissioner Social Security Administration*, 240 Fed. Appx. 692, 697-98 (6th Cir. 2007) (internal quotation marks and brackets omitted).

The ALJ evaluated plaintiff under Listing 12.05, noting that testing in June and July 2015 indicated that plaintiff had a full scale IQ of 61.  PageID.40.  However, the ALJ determined that plaintiff did not meet the requirements of Listing 12.05C, because she did not have another physical or other mental impairment imposing an additional and significant work-related limitation of function:

> The claimant's mental impairment has been considered under the requirements of listing 12.05.  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> *       *       *
>
> In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.  In this regard, the undersigned notes the most recent intellectual functioning testing from 2012 (Exhibit B-3F).  The undersigned finds that the claimant's "severe" impairments of borderline intellectual functioning and a learning disorder result in similar limitations and this case lacks the presence of a physical or other mental impairment that imposes additional and significant limitations.

PageID.41.

Plaintiff met the first prong under Listing 12.05C because she had a full scale IQ between 60 and 70.  The issue before the Court is whether substantial evidence supports the ALJ's determination that plaintiff had another physical or mental impairment imposing an additional and significant work-related limitation of function.  Plaintiff contends that "the ALJ technically found

there to be two Step 2 severe impairments: (1) BIF [borderline intellectual functioning] and (2)

learning disability." PageID.536.  The ALJ considered these two impairments to be so similar as not

to constitute separate impairments for purposes of Listing 12.05C.  PageID.41.  Other than pointing

out that the ALJ "technically" found two separate impairments, plaintiff says nothing more on this

matter.  Accordingly, the Court deems this issue waived.  *See McPherson v. Kelsey*, 125 F.3d 989,

995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort

at developed argumentation, are deemed waived").

The thrust of plaintiff's argument is whether plaintiff's alleged chronic headache

disorder constituted a separate impairment for purposes of Listing 12.05C.  The ALJ found that

plaintiff's headaches were a non-severe impairment:

> Claimant's chronic headaches do not present more than minimal limitations in the
> ability to perform basic work activities.  The claimant's headaches began in
> approximately December 2012 and it has not yet been one year since they began
> (Exhibit B-9F/3).  It is a "non-severe" impairment at the second step of the sequential
> evaluation.

PageID.39.  Plaintiff contends that the ALJ's decision was in error.  Plaintiff cites no authority to

support her position, but claims that the 12 month durational requirement for a severe impairment

should not apply in determining whether a impairment is severe for purposes of Listing 12.05C.

Plaintiff's contention is without merit.  The Social Security Act sets forth a one-year

durational requirement for an impairment to be considered disabling:

**(d)** "Disability" defined

**(1)** The term "disability" means --

> **(A)** inability to engage in any substantial gainful activity by reason of
> any medically determinable physical or mental impairment which can

> be expected to result in death or which has lasted or can be expected
> to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1). *See also*, 42 U.S.C. 1382c(a)(3) (applying a 12 month durational requirement in determining benefits under SSI).

Plaintiff testified that the headaches began in December 2012.  PageID.72.  The ALJ referred to a "Headache Residual Functional Capacity Questionnaire" prepared by neurologist Jordan Taylor, D.O., dated August 16, 2013, which indicated that he began treating plaintiff's migraine headaches in May 2013, that the headaches have had graded improvements with medication and may last three to six months or for an unknown period of time.  PageID.499, 501.  When asked if plaintiff's impairments lasted or can be expected to last at least twelve months, the doctor responded "yes."  PageID.501.

Given this record, while it is possible that plaintiff's migraine headaches might have met the 12-month durational requirement for a severe impairment after December 2013, it is clear that the headaches did not meet the durational requirement when the ALJ denied plaintiff's claim on October 5, 2013.  Furthermore, it is undisputed that plaintiff did not suffer from migraine headaches during either the relevant time period to qualify for child's insurance benefits (i.e., before January 22, 2012), or when plaintiff filed her application for SSI (i.e., September 20, 2012).  Finally, while plaintiff could have submitted new evidence with respect to the durational requirement for consideration on a sentence-six remand under 42 U.S.C. § 405(g), she did not. Accordingly, plaintiff's claim of error is denied.

## IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's

decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this

opinion will be issued forthwith.


Dated:  March 25, 2016                                     /s/ Ray Kent
                                                                  RAY KENT
                                                                  United States Magistrate Judge